No. 21,367.

ROBERT MORGAN, *Appellant,* V. THE AMERICAN SURETY COM-
PANY OF NEW YORK, *Appellee.*

### SYLLABUS BY THE COURT.

1. GUARDIAN AND WARD—*Guardian's Accounts Filed and Approved—
Presumptive Evidence of Their Truth—Not Conclusive.* The reports
and accounts of a guardian of the property of a minor and the orders
of the probate court approving them are evidence of the truth of the
statements contained therein, although those statements are not con-
clusive and may be rebutted in an action on the guardian's bond.

2. SAME. *Trial to Court—Admission of Immaterial Evidence.* A judg-
ment will not necessarily be reversed for the admission of immaterial
evidence; it must also appear that the error was prejudicial.

3. SAME—*Judgment Not Erroneous.* Under the findings of the court,
whether general or special, the judgment rendered was not erroneous.

Appeal from Shawnee district court, division No. 2; GEORGE
H. WHITCOMB, judge. Opinion filed October 12, 1918. Af-
firmed.

*G. W. Hurd,* of Abilene, *Charles Blood Smith,* and *Samuel
Barnum,* both of Topeka, for the appellant.

*A. A. Godard,* and *J. Arthur Myers,* both of Topeka, for the
appellee.

The opinion of the court was delivered by

BURCH, J.: The plaintiff commenced this action in 1904 to
recover the amount of a guardian's bond that had been given
in 1895 to secure the faithful discharge of duty by Henry
Morgan, who had, in 1887, been appointed guardian of the
property of the plaintiff, then a minor. The action was tried
by the court without a jury, and judgment was rendered in
favor of the defendant. The plaintiff appeals. He charges
that the court committed error in the admission of evidence,
and argues that judgment should have been rendered for the
plaintiff instead of for the defendant.

The annual and other reports of the guardian, together
with the orders of the probate court thereon, were admitted
in evidence. The plaintiff contends that this was error. Sec-

tion 5062 of the General Statutes of 1915 requires guardians to "account on oath annually, or oftener if required by the court," and section 3055 gives to the probate courts jurisdiction "to appoint and remove guardians for minors . . . and make all necessary orders relating to their estates, to direct and control their official acts, and to settle their accounts." The accounts and the orders approving them are evidence of what was done, and they are competent evidence of the truth of the statements contained in them. They were properly admitted in evidence, but they did not conclude the plaintiff; he had the right to disprove the statements, but unless disproved, the district court was compelled to accept them as true.

Complaint is made of the admission of evidence to show that the plaintiff had sold, for large sums, real property received by him as a part of his estate. Evidence of the amounts realized by the plaintiff from the sale of property turned over to him by his guardian was immaterial, but judgments are not necessarily reversed because of the admission of immaterial evidence, where the trial is by the court without a jury; it must also appear that the evidence was prejudicial. The presumption is that the immaterial evidence was disregarded.

In a "Memorandum of Decision" the trial court named several amounts which the plaintiff had received for real property sold by him after reaching his majority. That real property had been received by him as a part of his estate. In that memorandum the court said:

"In the absence of any positive evidence the question arises whether the court should presume that Morgan was guilty of any breach of trust or misappropriation of the money received during the period of his trusteeship. I am of the opinion that the court should come to no such conclusion in the absence of direct and convincing testimony that Morgan was guilty of intentional violation of his trust or of gross mismanagement. Fraud is never to be presumed."

The memorandum does not show that the trial court, to reduce the liability of the defendant, charged the plaintiff with the amounts that were received by him through the sale of the real property. It, therefore, does not appear that any prejudicial error was committed in the admission of that evidence.

The plaintiff complains of the judgment that was ren-

dered and contends that it should have been rendered in his favor. This contention is based on the argument that the bond given in 1895 covered previous defalcations of the guardian, and is based on the further contention that the court found that such defalcations had been made; or, if no such finding was made, that the evidence compelled such finding. The court did not make formal findings of fact, but did make the "Memorandum of Decision" already referred to. A part of what the court said about any breach of trust by the guardian has beeen quoted and need not be repeated. The court further said:

"Upon the whole it must be held that the plaintiff has failed to make out a cause of action and judgment must be for the defendant for costs."

If the memorandum is ignored, the plaintiff has no foundation for his argument, for the reason that a general finding was made in favor of the defendant. The burden was on the plaintiff to establish defalcations on the part of the guardian. On the evidence, the court said that no defalcations had been proved, and this court cannot say that the evidence compelled the trial court to find otherwise.

The judgment is affirmed.

JOHNSTON, C. J., not sitting.